UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GEORGE LINDSLEY, | : | Case No. 1:07-cv-78 |
| Plaintiff, | : | Barrett, J. |
| | : | Black, M.J. |
| vs. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal. At issue is whether the administrative law judge ("ALJ") erred in finding plaintiff "not disabled" and therefore unentitled to a period of disability and disability income benefits ("DIB". (*See* Administrative Transcript ("Tr.") (Tr. at 357-361) (ALJ's decision).)

**I.**

On February 15, 2001, plaintiff filed an application for a period of disability and disability insurance benefits, alleging a disability onset date of October 2, 1997, due to a fused right wrist, depression and bursitis.[2] (*See* Tr. 117-19, 142.). Plaintiff's claim was denied initially and on reconsideration. Thereafter, on June 16, 2003, the ALJ entered his

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Plaintiff later amended his onset date to June 2, 2000.

decision finding plaintiff not disabled. (Tr. 14-28.) The Appeals Council denied further review. Plaintiff then timely appealed. The parties' joint motion to remand was granted, and the matter was remanded for further proceedings to "further evaluate and clarify Plaintiff's residual functional capacity and the jobs cited by the vocational expert." (*See* Case No. 1:04-cv-266, Docs. 19-20.)

A remand hearing was held on December 14, 2005, at which plaintiff was represented by counsel. (Tr. 382-416.) Vocational expert, Janet Rogers, also appeared and testified. (392-412.) On February 27, 2006, the ALJ entered his decision finding plaintiff not disabled. That decision became defendant's final determination upon denial of review by the Appeals Council on December 6, 2006. (Tr. 340-42.)

The ALJ's "Findings," which represent the rationale of his decision, were as follows:

1. The claimant met the special earnings requirements of the Act on June 2, 2000, the amended date the claimant stated he became unable to work, and continued to meet them only through September 30, 2002.

2. The claimant has not engaged in substantial gainful activity since June 2, 2000.

3. Claimant has a right arm and wrist that are injured and status-post surgery, a low back, pelvis, and hip strain, a right shoulder strain, pulmonary disease, and depression and anxiety. These impairments are considered "severe."

4. These medically determinable severe impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.

5. The claimant's allegations regarding his limitations are not totally credible.

2

      6.      The claimant has the residual functional capacity for a full range of work with the limitations set out in Exhibit B17E.

.      7.      The claimant was a "younger individual" between the ages of 46-49 at all pertinent times herein, within his date last insured and he has a high school education.

      8.      The claimant's limitations do not prevent him from making a successful adjustment to work that exists in significant numbers in the economy. A finding of "not disabled" is therefore reached within the framework of Medical-Vocational Rule 202.21.

      9.      The claimant was not under a "disability" as defined by the Social Security Act, at any time through the date last insured of September 30, 2002 (20 CFR 404.1520(f)).

(Tr. 360.)

The ALJ concluded that plaintiff was not entitled to a period of disability or disability insurance benefits. (*Id.*)

On appeal, plaintiff argues that the ALJ's determination at Step-Five in the sequential analysis is not supported by substantial evidence because it was based on testimony of the vocational expert that was inconsistent with the Dictionary of Occupational Titles.

## II.

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In performing this

review, the Court considers the record as a whole. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. As the Sixth Circuit has explained:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

### III.

For his only assignment of error, plaintiff maintains that the ALJ's determination at Step-Five in the sequential analysis is not supported by substantial evidence because it was based on testimony of the vocational expert that was inconsistent with the Dictionary of Occupational Titles ("DOT").

Here, in response to the hypothetical questions posed by the ALJ, the VE testified that plaintiff could perform the job of "light unskilled production inspector." (Tr. 393.) Plaintiff, asserts, however that a conflict exists because such job does not exist in the DOT, or correlate to any job identified by the DOT. Thus, plaintiff argues that the ALJ violated Social Security Ruling ("SSR") 00-4p by failing to ensure that the VE's testimony about jobs he could theoretically perform was consistent with the DOT.

SSR 00-4p provides, in pertinent part, that:

4

> [o]ccupational evidence provided by a [vocational expert] or [vocational specialist] generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between [vocational expert] or [vocational specialist] evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the [vocational expert] or [vocational specialist] evidence to support a determination or decision about whether the claimant is disabled.

SSR 00-4p, 2000 WL 1898704, at *2 (SSA Dec. 4, 2000).

Furthermore, the regulations recognize that the DOT is just one of many possible vocational resources. 20 C.F.R. § 404.1566(d). The DOT itself states that the job information it provides:

> [R]eflects jobs as they have been found to occur, but they may not coincide in every respect with the content of jobs as performed in particular establishments or at certain localities. DOT users demanding specific job requirements should supplement this data with local information detailing jobs within their community.

Employment & Training Admin., U.S. Dept. of Labor, *Dictionary of Occupational Titles*, at *xiii* (4th ed. rev. 1991).

The Sixth Circuit has also confirmed that an ALJ can rely upon VE testimony, even where it contradicts the DOT. *Strong v. Social Security Admin.*, 02-5604, 2004 WL 232242, at *5 (6th Cir. Feb. 3, 2004) (". . .the DOT is not the only source of admissible information regarding jobs. . . An ALJ may rely on vocational expert testimony notwithstanding contrary conclusions in the DOT if the expert is found to be credible . . . ."); *Conn v. Sec'y of Health & Human Servs.*, 51 F.3d 607, 610 (6th Cir. 1995).

Moreover, as noted by the Commissioner, Social Security rulings recognize that

5

the job classifications contained in the DOT, referred to as 'occupations,' are collective descriptions that can contain numerous jobs. SSR 00-4p ("The term 'occupation,' as used in the DOT, refers to the collective description of those jobs. Each occupation represents numerous jobs."); *see also* SSR 96-9p ("An 'occupation' refers to a grouping of numerous individual 'jobs' with similar duties. Within occupations (e.g., 'carpenter') there may be variations among jobs performed for different employers (e.g., 'rough carpenter').").

Here, the VE referred to a job title, "unskilled production inspector," not the more general occupational class referenced by the DOT. The VE stated that production inspectors, at the unskilled level, "were typically visual inspection jobs of products or subassemblies weighing less than 20 pounds . . . the number of products would be . . . virtually anything that comes off a production line." (Tr. 396) He described this job title based on his own vocational expertise and stated that he had seen production inspectors at work. (Tr. 397). The VE also described in detail the job duties and/or day-to-day activities required of an unskilled production inspector. The VE provided also that no conflict existed.

In his statement of errors, plaintiff identified three production inspector jobs from the DOT that appear to have a skill level in excess of "unskilled" as required by the ALJ. (Doc. 6). However, a review of the DOT reveals hundreds of inspector jobs, many of which comply with the plaintiff's RFC. As noted above, the VE noted that the "products inspected would be virtually anything that comes off a production line." (Tr. 396.)

Although the job title "production inspector" may not be referenced in the DOT, the DOT describes the jobs identified by the VE by the product being inspected, *i.e.* Rag Inspector and/or Hat & Cap Inspector.

Moreover, plaintiff aggressively cross-examined the VE concerning his testimony, and could have elucidated from him which job descriptions in the DOT supported his conclusion that no conflict existed with his own testimony. The ALJ carefully considered the VE's testimony and reasonably accepted his expert opinion. Here, as noted above, the DOT contains several unskilled jobs representative of the work identified and described by the VE. Accordingly, the undersigned finds that the ALJ did not err at Step-Five in the sequential analysis.

For the foregoing reasons, plaintiff's assignment of error is without merit. The ALJ's decision is supported by substantial evidence and should be affirmed.

## IT IS THEREFORE RECOMMENDED THAT:

1. The decision of the Commissioner is **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and should be **AFFIRMED.**

2. As no further matters remain pending for the Court's review, this case should be **CLOSED.**


Date:  March 4, 2008                                       s/Timothy S. Black
                                                           Timothy S. Black
                                                           United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GEORGE LINDSLEY, | : | Case No. 1:07-cv-78 |
| | : | |
| Plaintiff, | : | Barrett, .J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **TEN (10) DAYS** after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to **THIRTEEN (13) DAYS** (excluding intervening Saturdays, Sundays, and legal holidays) when this Report is being served by mail and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to another party's objections within **TEN (10) DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).